UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUILD GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> INDIAN HARBOR INSURANCE COMPANY, <br><br> Defendant. | Case No. 24-cv-02726-VC <br><br> **ORDER STAYING CASE** <br> Re: Dkt. No. 21 |

     Indian Harbor's motion to dismiss or stay the case is granted. Indian Harbor and Build Group have an arbitration agreement that incorporates the AAA's Commercial Arbitration Rules which delegate the question of arbitrability to the arbitrator. Build Group argues that the whole arbitration agreement should not be enforced because it is unconscionable under California law.

     Even if this Court wanted to, it can't weigh in on Build Group's arguments. Supreme Court and Ninth Circuit precedent is clear that for a court to consider such an argument, a party opposing arbitration needs to "specifically reference the delegation provision and make arguments challenging it," even if those arguments are the exact same as those it would make against the whole arbitration agreement. *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023); *see Rent-A-Center., West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010). Build Group fails to reference the delegation provision or make any argument in its opposition about who should decide arbitrability.

     The case is therefore stayed pending resolution of Indian Harbor's motion to compel in the Southern District of New York. The parties must file a status report 14 days after that motion is decided. If the case is sent to arbitration to decide arbitrability, the parties must file a further

status report 14 days after the arbitrator has decided whether the case is subject to arbitration.

    **IT IS SO ORDERED.**

Dated: August 28, 2024

                                      VINCE CHHABRIA
                                      United States District Judge